Filed 12/23/22  P. v. Wright CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091633 |
| Plaintiff and Respondent, | (Super. Ct. No. 93F06757) |
| v. | OPINION ON TRANSFER |
| CHEVAL SHANNON WRIGHT, | |
| Defendant and Appellant. | |

In 2001, petitioner Cheval Shannon Wright was found guilty of first degree murder, attempted second degree robbery, and second degree robbery.[1]  The jury found true that a principal was armed with a firearm during the commission of all of the offenses and the special circumstance that the murder was committed during the commission or attempted commission of a robbery under Penal Code section 190.2,

---

[1] We granted petitioner's request to incorporate by reference the appellate record in *People v. Wright* (Dec. 11, 2002, C039121) [nonpub. opn.].

1

subdivision (a)(17)(A).[2] The jury found not true that petitioner personally used a firearm in the commission of the offenses. Petitioner appeals from a postjudgment order denying his petition for resentencing of his murder conviction under former section 1170.95.[3] He argues the trial court erred by determining he was ineligible for resentencing under this statute based on the jury's felony-murder special circumstance finding. In a September 28, 2021 unpublished opinion, this court disagreed and affirmed the order denying the petition.

The Supreme Court granted review and ultimately transferred the matter back to this court, with directions to vacate our decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Accordingly, we vacated our September 28, 2021 opinion.

Consistent with *Strong*, we will reverse the order denying the petition and remand the matter to the trial court for further proceedings.

## I. BACKGROUND

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective January 1, 2019, was enacted "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188 and revised the definition of the degrees of murder to address felony-murder liability in section 189. (Stats. 2018, ch. 1015, §§ 2-3; see *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417.)

---

[2] Undesignated statutory references are to the Penal Code.

[3] Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no changes in text. (Stats. 2022, ch. 58, § 10.)

Senate Bill No. 1437 also added former section 1170.95 "to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.)  Senate Bill No. 775 (2021-2022 Reg. Sess.) amended former section 1170.95, effective January 1, 2022.  (Stats. 2021, ch. 551, § 2.)  The resentencing provisions now found in section 1172.6 allow those "convicted of felony murder or murder under the natural and probable consequences doctrine . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine. . . .  [¶] (2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder. . . .  [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a).)

Once a complete petition has been filed, "[a]fter the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause."  (§ 1172.6, subd. (c).)  At the prima facie stage, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' "  (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  A court may deny a petition if the record of conviction contains facts refuting the allegations made in the petition.  (*Ibid*.)  But it "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id*. at p. 972.)

Petitioner filed a petition for resentencing of his murder conviction pursuant to former section 1170.95 "or, in the alternative, for writ of habeas corpus." After briefing, the court denied the petition on the basis that petitioner was ineligible for relief based on the jury's special circumstance finding. Thus, no order to show cause was issued. The court denied petitioner's motion for reconsideration and noted that he "remains free to file a formal petition for writ of habeas corpus from this court, to seek post-conviction relief from his robbery-murder special circumstance."

Petitioner appeals.

## II. DISCUSSION

Defendant argues his felony-murder special circumstance finding does not preclude him from being resentenced pursuant to section 1172.6 because it was made long before our Supreme Court clarified the meaning of "major participant" and "reckless indifference to human life" in the special circumstance statute in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). (See *In re Scoggins* (2020) 9 Cal.5th 667, 674 ["*Banks* and *Clark* clarified the meaning of the special circumstances statute"].) We agree.

After we rejected defendant's claims in our previous opinion, our Supreme Court decided *Strong*, which concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong, supra*, 13 Cal.5th at p. 710.) Further, while a defendant may still challenge prior adverse special circumstance findings in other types of proceedings such as a habeas corpus petition, "nothing in section 1172.6 says that a defendant *must* always do so before seeking resentencing." (*Id.* at p. 713.)

Here, the trial court concluded it had no jurisdiction in a former section 1170.95 proceeding to address the validity of a jury's pre-*Banks* and *Clark* special circumstance findings and that those findings therefore required denial of the petition. Because this

4

conclusion does not survive *Strong*, we will reverse the trial court's order and remand for further proceedings consistent with this opinion.

## III.  DISPOSITION

The order denying the petition is reversed.  The matter is remanded to the trial court for further proceedings consistent with this opinion.

/S/

_____

RENNER, J.


We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

EARL, J.